

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

July 14, 2006

**FILED**

**AUG 23 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

James W. Rudasill, Jr.
601 Indiana Avenue, N.W.
Suite 500
Washington, D.C. 20004

06cr88 / 06cr233

Re: <u>United States</u> v. <u>Timothy Jennings</u>, ~~06-061M~~

Dear Mr. Rudasill:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Timothy Jennings (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below, and return it to me no later than July 14, 2006. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to an Information that will be filed in the United States District Court for the District of Columbia, in which your client will be charged with three (3) counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). He also agrees to waive indictment and to request, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, a transfer of a Criminal Information (from the District of Maryland to the District of Columbia), for the purpose of entering a plea of guilty to three (3) additional counts of bank robbery, also in violation of 18 U.S.C. §2113(a).

2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 2113(a), unarmed bank robbery carries a sentence of not more than 20 years imprisonment, a fine of not more than $250,000 (under 18 U.S.C. § 3571(b)(3)), or both, and a period of supervised release of not more than three years (under 18 U.S.C. § 3583(b)(2)). Your client also agrees to pay a special assessment of $100 per count to the Clerk of the United States District Court prior to the

date of sentencing. See 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines.

3. **Additional charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that it will not file additional charges against the defendant in connection with the offenses in this case, committed on December 8, 16, and 19, 2005; January 19, 2006; and February 6 and 15, 2006.

4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, he be detained without bond pending your client's sentencing in this case. Prior to his guilty plea, the defendant further agrees to provide, or to give consent to obtain, any and all proceeds and instrumentalities which are or were in his possession, or which he or any accomplices used.

5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear to testify and present other evidence on his behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. Your client would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, he knowingly and voluntarily waives or gives up this right against self-incrimination.

6. **Sentencing**. Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines ("USSG") is a reasonable sentence for defendant Jennings, in this case, and neither party will argue for a sentence outside that range. As applied to this case, the parties agree that the Guideline applicable to the offense to which your client is pleading guilty is §2B3.1, which sets a base offense level of 20. The parties agree that in this case, the offense involved the property of a financial institution, therefore a 2-level adjustment of the offense guideline is applicable pursuant to §2B3.1(b)(1). The parties also agree that under §3D1.4, a maximum 5-level adjustment applies for the multiple counts. Finally, the parties agree that there are no additional relevant adjustments or departures, and neither side will argue otherwise. Accordingly, the parties agree that the defendant's adjusted offense level is 27.

If your client continues to accept responsibility for his criminal conduct and to assist authorities in the investigation and prosecution of his criminal conduct, commits no other criminal acts, and complies with the terms and conditions of this agreement, then the United States will not oppose a 3-level reduction of his offense level pursuant to §3E1.1, which will decrease your client's final adjusted offense level to **24**. If those conditions are satisfied, then the United States and defendant Jennings agree not to seek a sentence outside the USSG range applicable to defendant Jennings based upon Offense Level 24 and a criminal history category to be determined by the U.S. Department of Probation. The government will not oppose a sentence in the low end of the guideline range.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the U.S. Sentencing Guidelines but which is not bound by them. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the calculations above will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the U.S. as a breach of this plea agreement.

7. **Additional waivers**. Your client waives any right to have facts that determine his offense level under the Guidelines (including facts that support any specific offense characteristic

-4-

or other enhancement or adjustment) specifically alleged in the Information and found by a jury beyond a reasonable doubt. He agrees that the facts that determine the offense level will be found by the Court at sentencing and that the Court may consider any reliable evidence, including hearsay. Your client expressly agrees that the Court can consider as proof beyond a reasonable doubt the facts contained in the written Proffer of Facts Supporting Guilty Plea. Your client agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines.

8. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government and your client agree, in accordance with U.S.S.G. §1B1.8, the government is free to use against him for any purpose at sentencing, any self-incriminating information provided by your client pursuant to this agreement.

9. **Breach of agreement**. Your client understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, he will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements he made and any of the information or materials he provided, including such statements, information and materials

provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, he agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Offices for the District of Columbia and the District of Maryland. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but

-6-

not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. If your client is not a citizen of the United States, he understands and acknowledges that the guilty plea in this case may subject him to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

    11. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

    If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

                                        Sincerely,

                                        Kenneth L. Wainstein
                                        D.C. Bar Number 451058
                                        United States Attorney

                                        Barbara E. Kittay
                                        D.C. Bar Number 414216
                                        Assistant United States Attorney

-7-

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to three counts of bank robbery because I am guilty of those offenses.

Date                                      Timothy Jennings      7/14/06

### Defense Counsel's Acknowledgment

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

Date  7-14/06                             James W. Rudasill, Jr., Esq.
                                          Counsel for Mr. Jennings